UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mike Anthony Richardson, | ) C/A: 4:12-2475-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Sherry R. Rhodes, Clerk of Court for Marion County; and the City of Marion, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Mike Anthony Richardson, ("Plaintiff"), proceeding *pro se*, brings this civil action against Sherry R. Rhodes, Clerk of Court of Marion County, and the City of Marion, seeking injunctive relief and monetary damages. This matter is before the undersigned United States Magistrate Judge for report and recommendation, following pre-service review pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process, because this court lacks jurisdiction to hear the claims asserted by Plaintiff or to grant the relief that Plaintiff seeks.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which

2

the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff alleges that:

> Plaintiff . . . filed a complaint in The Court of Common Pleas [of Marion County in] Marion SC on 08/29/08 in a civil action against then Captain of the Marion Police Force, Jim Grey, City of Marion and others. [The] [c]ase was forwarded to [the United States] District Court [for the District of South Carolina in] Florence [SC] case: 4:08-cv-03539-RBH.  The Defendants asked for and w[ere] granted summary judgment [based on] . . . qualified immunity [on] 11-18-2010.  The case was then remanded back to the South Carolina Court of Common Pleas for Marion County. . . . Plaintiff now seeks to have the remanded issues adjudicated in the Marion Court of Common [P]leas.  Plaintiff has been informed that there is no record of any case files pertaining to said case.[1]

---

[1] The undersigned takes judicial notice of Plaintiff's prior proceeding in this court. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In *Richardson v. City of Marion, et al.*, C/A No. 4:08-cv-03539-RBH-TER (D.S.C.), Plaintiff brought suit against defendants the City of Marion, the City of Marion Police Department, Captain Jim Gray, Chief Willie Smith, Marion D. Mullins, Annette Garner as parent, and Dean Brown as guardian of Marion D. Mullins. On September 2, 2008, Plaintiff initiated the lawsuit by filing his Complaint in the Court of Common Pleas for Marion County, South Carolina. Plaintiff's Complaint alleged four causes of action: (1) 42 U.S.C. § 1983 against all defendants, (2) malicious prosecution against all defendants, (3) abuse of process against defendants Mullins, Garner, and Brown, and (4) slander against defendants Mullins, Garner, and Brown. On October 17, 2008, the defendants removed the case to this federal court, based on Plaintiff's § 1983 claim. On November 18, 2010, United States District Judge R. Bryan Harwell issued an order in C/A No. 08-3539, granting summary judgment to defendant Grey on the § 1983 claim, based on Grey's qualified immunity. Judge Harwell's order also summarily dismissed Plaintiff's § 1983 claims against defendants Smith and the City of Marion Police Department, by consent of the parties. The order remanded, to the Marion County Court of Common Pleas, Plaintiff's state law claims for malicious prosecution, slander, and abuse of process against defendants the City of Marion, Mullins, Garner, and Brown. *See* C/A No. 08-3539, ECF No. 36. Judge Harwell's order was

3

Complaint, III. Statement of Claim, ECF No. 1, p. 3. Plaintiff seeks "an investigation by an independent party (SLED) into the practices and procedures of the Marion Clerk of Court's filing system and whereabouts of said case," "maximum compensation allowed from the missing case," and "maximum compensation for injuries in said pleading against Sherry R. Rhodes and City of Marion, to include punitive damages if court sees fit per Res Ipsa Laquitur (sic)." Plaintiff alleges that "a. sort of thing does not happen without negligence, b. defendants most likely than not caused event, c. plaintiff did not contribute to injury." *See* Complaint, Relief, ECF No. 1, p. 3-4. On his civil cover sheet, Plaintiff describes this cause of action as "negligence, loss of court documents, civil rights violation." *See* Civil Cover Sheet, ECF No. 2.

## DISCUSSION

Plaintiff's claims against Defendant Sherry R. Rhodes, Clerk of Court of Marion County, are barred by Defendant Rhodes' absolute quasi-judicial immunity.[2] "[B]oth courts and their staff are entitled to judicial immunity." *Honour v. Cooper*, 174 F. App'x 782 (4th Cir. 2006). Judicial immunity extends to judicial officers for judicial acts taken within the Court's subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Absolute quasi-judicial immunity extends to non-judicial officers "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *see also Lyle v. Jackson*, 49 F. App'x 492 (6th Cir. 2002) (finding that clerks were entitled to quasi-judicial immunity concerning prisoner's claims that they failed to

---

affirmed on appeal by the United States Fourth Circuit Court of Appeals, on June 2, 2011. *See* C/A No. 08-3539, ECF No. 46. Plaintiff's petition for rehearing was denied by the Fourth Circuit, on October 11, 2011. *See* C/A No. 08-3539, ECF No. 47.

[2] *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

4

provide him with requested copies of previous filings and transcripts); *Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir. 1970) (finding a state court clerk entitled to absolute immunity for allegedly losing a court file); *Sykes v. Huggins*, 2009 U.S. Dist. LEXIS 6609, 2009 WL 250103, at * 3 (D.S.C. Jan. 29, 2009) (finding that county court clerk was entitled to quasi-judicial immunity and noting the Fourth Circuit's decision in *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

Additionally, even if Rhodes was subject to suit, Plaintiff's allegations of negligence are insufficient to state a claim within this court's jurisdiction. The Fourth Circuit, in *Pink v. Lester*, 52 F.3d at 76, made it clear that an allegation of negligence will not support a claim that an official has denied an individual access to the courts. *See also Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992), cert. denied, 506 U.S. 1062 (1993) (holding that an isolated incident of negligence resulting in failure to file complaint did not rise to the level of a constitutional violation); *Lee X v. Casey*, 771 F. Supp. 725, 729 (E.D. Va. 1991) (holding that negligent conduct by deputy clerk of court in failing to file letter as a notice of appeal did not give rise to a constitutional claim for violation of access to the courts); *see also Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986) (negligence, in general, is not actionable under 42 U.S.C. § 1983); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987).[3]

Furthermore, to the extent that Plaintiff's Complaint seeks injunctive relief, rather than compensatory, equitable, or declaratory relief, such claim is barred by § 1983, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

---

[3] A negligence claim may be available in state court pursuant to the South Carolina Tort Claims Act. *See* S.C. Code Ann. §§ 15-78-10 to -200 (Supp. 1997).

5

> thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*

42 U.S.C. § 1983 (emphasis added). Since there is no declaratory decree involved here and no request for or basis shown for entry of a declaratory judgment in this case, any claim for injunctive relief against Defendant Rhodes is statutorily barred. *See Catanzaro v. Cottone*, 228 F. App'x 164 (3d Cir. April 5, 2007); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (citing *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)).[4]

As to Plaintiff's claims against Defendant City of Marion concerning the alleged loss of the court records pertaining to Plaintiff's remanded civil action against the City and other individual defendants, the City of Marion cannot be held responsible for this situation or for any actions taken or not taken with respect to Plaintiff's court records by the Marion County Twelfth Judicial Circuit Court or the Marion County Clerk of Court's Office. The Marion County Twelfth Judicial Circuit Court, *i.e.* the Court of Common Pleas and the Court of General Sessions, is part of South Carolina's unified judicial system. *See* Act No. 58, 1973 S.C. Acts 161; Article V, Section 1 of the Constitution

---

[4] To the extent that Plaintiff asks this court to order a SLED investigation into the practices and procedures of the Marion County Clerk of Court's Office, such mandamus-type relief cannot be granted in this case. A writ of mandamus (a writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly, *Black's Law Dictionary* (8th ed. 2004)) "is a drastic remedy which is used by courts only in "exceptional circumstances." The writ is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Super. Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official of the United States. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (same; collecting cases)*; In re Carr*, 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986) (unpublished opinion) (same).

of the State of South Carolina; and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975). Article V, § 1 of the South Carolina Constitution mandates a unified judicial system in which it is the Supreme Court of South Carolina, not the City of Marion or Marion County, which retains the *sole* authority to supervise the circuit courts, family courts, probate courts, municipal courts, and magistrate's courts of Marion County. *See Spartanburg County Dept. of Social Services v. Padgett*, 296 S.C. 79, 370 S.E.2d 872, 875-876 & n. 1 (1988). Section 4 of the Judicial Article designates the Chief Justice of this Court as the administrative head of the unified judicial system and directs that this Court make rules governing the administration of all courts in this state.

### RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process.[5]

Plaintiff's attention is directed to the important notice on the next page.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 12, 2012
Florence, South Carolina

---

[5] It appears that any remedy available to Plaintiff would be through state court.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).